UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-21275

LAWSHAWN JONES,

    Plaintiff,

v.

CARNIVAL CORPORATION, a Panamanian
Corporation d/b/a CARNIVAL CRUISE LINE,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, BRENDA STRICKLAND ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

### PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. Further, this Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of Illinois.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

5. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT:** This incident occurred on or about January, 29, 2016.

8. **LOCATION OF INCIDENT:** The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, the *Carnival Victory*.

9. **DESCRIPTION OF THE INCIDENT:** On the date and time of the incident, Plaintiff was walking when she twisted her ankle and fell due to a hole in the surface of the floor which was concealed by the carpeting. As a result, Plaintiff suffered grievous bodily injury, including but not limited to injuries to her ankle and knee. The condition of the surface, the hole and the carpet was such that Defendant knew, or in the exercise of reasonable care should have

known, that it represented a danger to persons traversing it. Nonetheless, Defendant, failed to eliminate the hazard(s), failed to properly maintain the deck, failed to inspect the deck, failed to warn of the hazard(s) and failed to properly train and supervise its crew such that such an incident could have been avoided.

## COUNT I
## NEGLIGENCE

10. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 9 as if set forth herein.

11. **DUTIES OWED BY THE DEFENDANT:** The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff. This included, but was not limited to, the duty to maintain its ship's in a reasonably safe condition for the use and enjoyment of its passengers, and the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

12. Defendant breached those duties and was negligent by:

   a. Failing to maintain or remedy the hazardous condition(s);

   b. Failing to warn passengers, including the Plaintiff, of the dangerous condition(s);

   c. Failing to inspect for and/or to observe the dangerous condition(s);

   d. Failing to implement a method of inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

   e. Utilizing or allowing negligent training of its its crew;

   f. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

   g. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence.

13. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, her injuries would not have occurred.

14. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions based on the length of time the conditions had existed; (c) would have had knowledge of the dangerous conditions had the Defendant implemented proper methods of inspection; and/or (d) created the dangerous conditions.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE**, Plaintiff demands Judgment against Defendant for damages suffered as a result of Defendant's negligence, including bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of ability to earn money, loss of important bodily functions, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

5

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** this 10th day of April, 2016.

                                            ARONFELD TRIAL LAWYERS
Spencer Marc Aronfeld, Esq.
Florida Bar Number: 905161
Email:   Aronfeld@aronfeld.com
Christopher Bailey, Esq.
Florida Bar Number: 42625
Email: CBailey@aronfeld.com
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Phone:  (305) 441.0440
Fax:     (305) 441.0198

By: _____/s/ Christopher Bailey_____